WILLIAM G. SANDS, Receiver, etc., Respondent, *v.* SAMUEL LILIENTHAL et al., Appellants.

Under the provisions of the act of 1853, to provide for the incorporation of fire insurance companies (chap. 466, Laws of 1853), a personal demand of the maker of a premium note, given to a mutual fire insurance company, is only made necessary, where it is sought to recover a judgment for the entire note, as a penalty for neglecting to pay a partial assessment thereon.

Assessments upon notes given prior to the passage of the act were unaffected by it, and could be recovered without such demand.

Where, therefore, a premium note given prior to 1853 was regularly assessed to its full amount, the time of payment fixed, and notice of the assessment duly published, as required by the charter and by the laws of said company, the whole note became due and payable upon the day fixed for its payment, and after the lapse of six years therefrom, an action upon it is barred by the statute of limitations.

(Argued November 20, 1871; decided November 28, 1871.)

APPEAL from judgment of the General Term of the Supreme Court in the sixth district, affirming judgment entered upon report of referee in favor of plaintiff.

This action was brought by plaintiff, as receiver of the Ætna Insurance Company of Utica, on a promissory note executed by defendants to said company for $500.

Said company was duly formed and incorporated by virtue of the act entitled " An act to provide for the incorporation of insurance companies," passed April 10, 1849, and said corporation was duly organized under said act, in March, 1851.

The note in suit was dated May 8, 1851, and was payable " at such time and times, and in such portions, as the directors of said company may, agreeably to their charter and by-laws, require."

On the 23d day of June, 1860, the said company assessed the note to its full amount, for losses accruing in said company, and fixed the time for its payment, the 22d day of August, 1860, and of which fact the required notices by publication were given.

Personal demand of payment of said assessment was made of defendants, respectively, on the 29th and 30th days of November, 1867, and this action was commenced on the 21st day of December, 1867.

Defendants claim the action was barred by the statute of limitations, and plaintiff claims, under a statute passed in 1853, and amended in 1862 (see Edmonds' Satutes, vol. 4, p. 231), the thirteenth section of which provides, that "the directors shall, as often as they deem necessary, after receiving notice of any loss or damage by fire sustained by any member, and ascertaining the same, or after the rendition of any judgment against said company for loss or damage, settle and determine the sums to be paid by the several members thereof, as their respective portion of such loss, and publish the same in such manner as they shall see fit, or as the by-laws shall have prescribed ; and the sum to be paid by each member, shall always be in proportion to the original amount of his deposit, note or notes, and shall be paid to the officers of the company within thirty days next after the publication of said notice ; and if any member shall, for the space of thirty days after the publication of said notice, and after personal demand for payment shall have been made, neglect or refuse to pay the sum assessed upon him as his proportion of any loss, as aforesaid, in such case the directors may sue for and recover the whole amount of his deposit, note or notes, with costs of suit ; but executions shall only issue for assessments and costs as they accrue, and every such execution shall be accompanied by a list of the losses for which the assessment is made," that the statute of limitations did not run, until both valid assessment and personal demand of the payment of the note.

*J. B. Elwood,* for appellants. Note was a stock note. (*Howland* v. *Edmonds,* 24 N. Y., 307 ; *White* v. *Haight,* 16 N. Y., 310.) It was due at its date and the action barred by statute of limitations. (Cases *supra ; Tuckerman* v. *Brown,* 33 N. Y., 297 ; *Sands* v. *St. John,* 23 How., 140.) Section

13 of act of 1853 does not extend the statute. (*Utica Ins. Co.* v. *American Mut. Ins. Co.*, 16 Barb., 171; *Allen et al.* v. *Hud. Riv. Mut. Ins. Co.*, 19 Barb., 442; *Stafford* v. *Richardson*, 5 W., 302; Code, § 348; *Bruyn et al.* v. *Comstock, etc.*, 56 Barb., 9.) Interest on the note not recoverable. (23 Barb., 591; 37 Barb., 634 R. S.; Edmonds' Ed., p. 231; § 13 of act of 1853; also p. 200, act of April 8, 1848.)

*Henry R. Mygatt,* for respondent. The note was not a capital stock or formation note. (*Bell, Rec'r,* v. *Shibley,* 33 Barb., 612; *Birdseye, Rec'r,* v. *Smith,* 32 Barb., 217, 218.) Statute of limitations no bar to the action. (*Devendorf, Rec'r,* v. *Beardsley,* 23 Barb., 656; *Sands, Rec'r* v. *St. John,* 36 Barb., 634; *Howland, Rec'r,* v. *Ouykendall,* 40 Barb., 321; 2 R. S., 5th ed., 757, § 44; *Savage* v. *Medbury,* 19 N. Y., 32; 26 N. Y., 249; *Mickler* v. *Indiana Turnpike Co.,* 3 Penn., 149.) Interest recoverable from time assessment was due and payable. (*Hyatt, Rec'r,* v. *Wait,* 37 Barb., 43.)

GROVER, J. Although the complaint avers, that the note in suit formed but part of the capital stock of the company, yet the other averments show that it was not a stock, but a premium note. This is also shown by the facts proved upon the trial.

The company was organized in March, 1851, under the act of 1849, providing for the organization of insurance companies. The note was made May 8, 1851, for a policy of insurance, in the form of a premium note. The plaintiff was duly appointed receiver, upon the insolvency of the company, prior to June 23, 1860, and on that day assessed the note, to its full amount, for losses occurring during the life of the policy, for the premium upon which the note was given, and fixed, for the time for its payment, August 22, 1860, and, in due form, published the requisite notices of said assessment, more than thirty days prior to the time fixed for the payment thereof. The action was commenced on the 21st of December, 1867.

The defendant, in his answer, sets up the statute of limita-

tions as a defence to the action.  More than six years had elapsed from the time the assessment became due and payable, according to the charter and by-laws of the company, prior to the commencement of the action.  An action for the recovery of this assessment was barred by the statute of limitations. The note was given while the act of 1849 was in force, and by its terms made payable in such portions and at such time or times, as the directors of said company may agreeable to their charter and by-laws require.

The plaintiff, by his appointment as receiver, became substituted in the place of the directors, for the purpose of requiring payment of premium notes, whenever requisite for the payment of the losses and expenses of the company, and his assessment and notices were equivalent to that of the directors, prior to the insolvency of the company.  The assessment having been made to the entire amount of the note, which had become due and payable—in other words, payment of the whole note having been required, and thus become due and payable more than six years before the commencement of the action—it is clear that the statute bars the action unless such bar is obviated by section 13 of the act to provide for the incorporation of the insurance companies. (Laws of 1853, 910.)  That provides that the directors shall, as often as they deem necessary, "after receiving notice of any loss or damage by fire sustained by any member, and ascertaining the same, or after the rendition of any judgment against said company for loss or damage, settle and determine the sums to be paid by the several members thereof, as their respective portion of such loss, and publish the same in such manner as they shall see fit, or as the by-laws shall have prescribed; and the sum to be paid by each member shall always be in proportion to the original amount of his deposit note or notes, and shall be paid to the officers of the company within thirty days next after the publication of said notice; and if any member shall, for the space of thirty days after the publication of said notice, and after personal demand for payment shall have been made, neglect or refuse to pay the sum

assessed upon him as his proportion of any loss, as aforesaid, in such case the directors may sue for and recover the whole amount of his deposit note or notes, with costs of suit; but execution shall only issue for assessments and costs as they accrue."

The position of the counsel for the respondent is, that the effect of this section, is to preclude the right to maintain any action upon the note, or for the recovery of any assessment thereon, until a personal demand for the payment of the assessment shall have been made, and he cites numerous cases where it has been held, that the action would not lie in the absence of such demand. But these were actions for the recovery of the entire note, and generally upon notes made after the act of 1853 was passed, which by section twenty was made applicable to companies organized under the act of 1849. But the note in the present case was given in 1851, and in no case has the question, whether an assessment upon such a note can be recovered without a personal demand, arisen, much less been decided that it could not, such a decision would materially modify the contract. That is, to pay in such portions, and at such time or times, as the directors may, agreeable to their charter and by-laws require. The right so to recover was vested in the company, and it may well be doubted, whether it was competent for the legislature to impose any restrictions upon the exercise of this right. But it is unnecessary to determine this question, as no such attempt has been made by the section under consideration. A personal demand is only thereby made necessary, when it is sought to recover a judgment for the entire note, as a penalty for neglecting to pay a partial assessment thereon. Whether assessments, without a personal demand, can be recovered upon notes made after the passage of the act of 1853, is a question not arising in the present case. Be that as it may, it is clear that such assessments upon notes made before that time may be so recovered. Personal demand in the present case was made the latter part of November, 1867. This was after the statute had run upon the assessment.

It would be singular indeed, if a refusal to pay a partial assessment, upon a premium note barred by the statute upon personal demand, should render the party liable to the recovery of a judgment for the amount of the note, including such assessment. And yet that does not differ from the present case. Here the assessment was the entire note. The whole note had thus become due, and barred by the statute, and the personal demand did not revive it. This renders it unnecessary to consider the other grounds, upon which the bar of the statute was sought to be maintained by the counsel for the appellant. The judgment appealed from must be reversed, and a new trial ordered, costs to abide the event.

All concur. Judgment reversed.